UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAKEMA TATE, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WM. BOLTHOUSE FARMS, INC.,<br><br>Defendant. | Case No. 1:23-cv-01038-JLT-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 31) |

On July 12, 2023, Plaintiffs Lakema Tate and Richard Ortiz ("Plaintiffs") initiated this action with the filing of a complaint asserting claims on behalf of themselves and a putative class against Wm. Bolthouse Farms, Inc ("Defendant"). (Doc.1). On September 26, 2023, Plaintiffs filed the operative first amended class action complaint. (Doc. 15). Defendant filed a motion to dismiss on October 10, 2023. (Doc. 17). On October 30, 2023, Plaintiffs filed an opposition to the motion to dismiss and Defendant filed a reply on November 14, 2023. (Docs. 21-22). Thereafter, Defendants filed notices of supplemental authority. (Docs. 23, 28-30).

Pending before the Court is Plaintiffs' notice of voluntary dismissal. (Doc. 31). Plaintiffs' notice the dismissal of their class action complaint against Defendant with prejudice as to Plaintiffs' individual claims and without prejudice to the putative class members' claims. *Id*. at

2.

Plaintiffs' notice of voluntary dismissal comports with the requirements of Fed. R. Civ. P. 41(a)(1)(A)(i) and Plaintiffs are entitled to dismiss their individual claims (at least) without court order. In a class action, however, court approval of dismissal may be required under Rule 41 if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class proposed to be certified for purposes of settlement…may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e).

In this case, Plaintiffs seek to dismiss the putative class claims under Rule 41(a)(1)(A)(i) without prejudice. (Doc. 31). No class has been certified, Plaintiffs have not sought certification, nor has certification been proposed for purposes of settlement. Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of dismissal of the class claims. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of Plaintiffs' filing that is consistent with Rule 41(a)(1) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1).

IT IS SO ORDERED.

Dated: **May 17, 2024**

UNITED STATES MAGISTRATE JUDGE